ISAAC BULSOM *vs.* E. D. LAMPMAN.

Where there is an oral submission to referees, of a cause by the parties thereto, and where no terms of submission appear of record, *held,* that the issue made by the pleadings is presumed to have been submitted.

Where there was an oral submission of the issues in a case by the parties, in open court, under section two hundred and ninety-two of the civil code, and where the issue was purely of law, presented by a petition and demurrer, and where the finding of the referees is one of facts only, *held,* that the report should have been set aside by the court below on motion by plaintiff in error, and that it was error not to grant such motion.

The facts of the case appear in the opinion of the court.

*P. B. Plumb,* for plaintiff in error.

In August, 1859, the defendant in error brought suit in the district court of Anderson county, Kansas, against the plaintiff in error to recover a certain sum of money alleged to be due from the defendant to plaintiff, by reason of the conversion of certain chattels belonging to the said plaintiff below. To that petition the defendant below interposed a demurrer, alleging, first, a misjoinder of causes of action; and second, that the petition did not state facts sufficient to constitute a cause of action.

An issue of law was thus made up between the parties. "An issue of law arises upon a demurrer to the petition, answer or reply, or to some part thereof." (*Civil Code,* § 270.) This issue of law was the only one between the parties.

In September, 1859, upon the oral consent of parties, in open court, entered upon the journal, the matter at issue in this case was submitted to referees. No issue but the one made by the pleadings could be submitted. There could be no other issue to be submitted than that made by the pleadings. (*Code,* § 269.)

·Issues of law are referable upon consent of parties. (*Code*, § 292.)

The issue, then, to be left to the decision of the referees, was one of law. Their decision could not rightfully go outside of the issues thus submitted.

At the September term of the said court for 1860, the referees, to whom this issue was submitted, made report of their doings with the following:

"That Isaac Bulsom shall pay to Elisha D. Lampman the sum of two hundred and fifty-four dollars and eighty-five cents, on the 1st day of January, and Isaac Bulsom shall pay the costs of the two cases entered at the September term of the district court for Anderson county, and that Isaac Bulsom shall pay the costs of this arbitration."

The report is of *fact* and not of law. The issue of law is not decided, while an issue of *fact*, not joined at all between the parties, is decided and returned to the court as a final settlement of all matters at issue between the parties, at the time of the submission.

Upon the return of the report into court, the defendant made a motion in writing to the court to set aside the report, because:

" *First*. The issue joined is not of fact, but of law, and the report is of fact, and not of law.

" *Second*. The referees, under the reference, had no power, under the statute, to go outside of the issue joined at the time of the reference.

" *Third*: actions in *tort* are not referable.

" *Fourth*. A cause cannot be referred until issue is joined, and there is a demurrer to the whole action, and undetermined, it cannot be referred."

This motion the court overruled; to which ruling the defendant below excepted, and on that exception is here prosecuting his petition in error, asking that the decision of the court below shall be reversed.

No counsel for defense.

By the Court, KINGMAN, J. In August, 1859, the defendant in error brought suits in the district court of Anderson county, against the plaintiff in error. To this a demurrer was interposed, and while the cause was in this condition at the September term A. D. 1859, the following journal entry was made:

"And now comes the above parties, by their attorneys, and this cause, by agreement, is continued to abide the decision of referees."

This is the only mention whatever made in the record of any reference of the case.

On the 7th day of September, 1860, a report was filed by three persons, styling themselves arbitrators, awarding to defendant in error in the two cases, the sum of two hundred and fifty-four dollars and sixty cents, and the costs of the two suits. On the same day a motion was made to set aside the award, for various causes, which was overruled, and the demurrer was also overruled, and judgment entered on the award in favor of defendant in error against the plaintiff in error, who brings the case to this court for revision.

The record is so imperfect and so confused that it is difficult to ascertain exactly the true state of facts presented in it. It would appear that there were two suits between the same parties, and that both cases were orally submitted to referees. The terms of the submission do not appear, nor does it in any way, except by inference, appear what was submitted.

The most favorable view of it that can be taken for defendant in error, is that it was an oral submission by the parties in open court, of the issues in the action, or actions under section two hundred and ninety-two of the code. There is no other possible view of the case, derivable from the record, that would in any way justify a judgment by the court upon the award.

Bulsom *v.* Lampman.

Admitting, then, that the record will bear this interpretation, it is proper to inquire what was submitted. The code provides for submitting issues of law and issues of fact, or both, orally to be submitted, in open court, to referees. (*See* § 292.)

The only issue in this cause was one of law purely, presented by the demurrer, and this issue being the only one between the parties, was the only one submitted, and the only one the referees could pass upon, upon such a submission as we have supposed may have been made from the record. The report of the referees is as to the two suits, and is one finding facts only. No decision upon the issue of law submitted is made, but a decision on an issue of fact not submitted to them for their action, and their report should have been set aside by the court below. The judgment below was upon the award, which includes both cases.

It is, therefore, ordered by the court that the judgment in the district court be reversed, and the cause remanded with directions to set aside the report made in the case, and for further proceedings.

BAILEY, J. concurring.

Chief justice COBB not sitting in the case, it having been previously argued at a term before he took his seat upon the bench.